IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA                                                                    PLAINTIFF

V.                                                           CAUSE NO. 3:17-CR-112-CWR-FKB-2

COREY HUGHES                                                                                  DEFENDANT

**ORDER**

Before the Court is Corey Hughes's motion for compassionate release. Docket No. 136. The Court has reviewed the presentence report, the letters of recommendation presented at sentencing, the relevant briefs, and the medical record Hughes's attorney submitted alongside the motion. For the reasons that follow, the motion is denied.

On February 13, 2018, Corey Hughes pled guilty to one count of felon in possession of a firearm. This Court sentenced him to serve 100 months in federal prison, followed by three years of supervised release. Hughes is currently serving his prison term at FCI Yazoo City Medium in Yazoo City, Mississippi. On June 12, 2020, Hughes submitted a request for compassionate release due to COVID-19 and medical concerns through the means of an inmate request to the Warden. *See* Docket No. 147.[1]

On July 29, 2020, Hughes filed a pro se motion for compassionate release. In his initial motion, Hughes says he is highly susceptible to severe injuries or death caused by the coronavirus because he has "medically documented lung disease," high blood pressure and arthritis. Docket No. 136 at 1.

While the Court generally "may not modify a term of imprisonment once it has been imposed," 18 U.S.C. § 3582(c), it may "reduce the term of imprisonment (and may impose a term

---

[1] The government withdrew its argument that Hughes has not exhausted his administrative remedies. *See* Docket No. 148 at 2.

of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment)." *Id.* § 3582(c)(1)(A). The Court may grant such a request if it finds that "extraordinary and compelling reasons warrant such a reduction," *id.*, "after considering the factors set forth in section 3553(a) to the extent that they are applicable." *Id.*

The § 3553(a) factors include "the nature and circumstances of the offense and the history and characteristics of the defendant," as well as the need for the sentence imposed "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," "to afford adequate deterrence to criminal conduct," and "to protect the public from further crimes of the defendant." *Id.* § 3553(a).

At present, the Court declines Hughes's request for compassionate release, even if his medical conditions create extraordinary and compelling circumstances, because the § 3553(a) factors weigh against release. For example, prior to Hughes's current conviction, he had a lengthy criminal history, which includes convictions for burglary of a dwelling house, aggravated assault, business burglary, commercial burglary, grand larceny, and auto theft.

In sum, in light of the seriousness of the offense and Hughes's criminal history, the Court finds that the § 3553(a) factors weigh against release. Accordingly, Hughes's motion for compassionate release is denied.

**SO ORDERED**, this the 29th day of April, 2021.

s/ Carlton W. Reeves  
UNITED STATES DISTRICT JUDGE
